**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| CSIDENTITY CORPORATION, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CASE NO.: 1:18-cv-00870-RP |
| | § | |
| NEW EQUITY PRODUCTIONS, INC., | § | |
| and ANDREW J. HOWITT | § | |
| *Defendants* | § | |

**PLAINTIFF CSIDENTITY CORPORATION'S RESPONSE TO
DEFENDANTS' SECTION 1404 MOTION TO TRANSFER VENUE**

Plaintiff CSIdentity Corporation ("CSID" or "Plaintiff") files this Response to the Section 1404 Motion to Transfer Venue ("Motion") of Defendants New Equity Productions, Inc. ("New Equity") and Andrew J. Howitt ("Howitt") (collectively, "Defendants").

## SUMMARY

Contrary to Defendants' representation in the Motion, the issue of venue has been thoroughly litigated—and decided—in this case. Indeed, U.S. Magistrate Judge Austin ordered briefing from all parties on the very forum selection clause ("Forum Selection Clause") that is the underpinning of the Motion. Dkt. 26. Defendants—at that juncture—chose not to respond to Judge Austin's briefing Order. This Court adopted Judge Austin's Report and Recommendation: endorsing CSID's arguments and authorities that the Forum Selection Clause is inapplicable to CSID's claims—and concluding that Defendants waived their Forum Selection Clause argument. Now, Defendants, without justification or merit, file a Section 1404 Motion to Transfer Venue on the same grounds that this Court already denied.

Further, in the approximately 20 months this case has been pending, Defendants have gone through an assembly line of attorneys, moved for dismissal twice on the basis of personal

jurisdiction and once on the basis of venue (all of which were denied or dismissed), and refused to provide briefing ordered by Judge Austin on the applicability of the Forum Selection Clause. Defendants' actions have caused inexcusable delays and thwarted CSID's efforts to prosecute this lawsuit and recover damages to which it is entitled in excess of one million dollars. This Court should deny Defendants' Motion and allow this case to proceed in the Western District of Texas.

## BACKGROUND

**A.      CSID and New Equity entered into a Technology Services Agreement.**

CSID is a corporation that is headquartered and conducts its business activities in Austin, Texas.[1] CSID provides identity theft protection, fraud detection, credit monitoring, identity monitoring, and related services for its clients.[2] New Equity is headquartered in California, and Defendant Howitt is New Equity's Chief Executive Officer.[3] New Equity provides direct and digital mail fundraising services for law enforcement associations.[4]

Effective September 8, 2017, CSID entered into a Technology Services Agreement ("Agreement") with New Equity.[5] Under the Agreement, CSID created for New Equity an IMC (comprehensive management) platform for New Equity's targeted customers to access.[6] Under

---

[1] Exhibit 1, ¶ 2; Exhibit 2, ¶ 4; Exhibit 3, ¶ 4; Exhibit 4, ¶ 4; Exhibit 5, ¶ 2. CSID previously submitted multiple affidavits in connection with its Initial Response to Defendants' November 23, 2018 Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue Under FRCP 12(B)(2) and 12(B)(3). Dkt. 16. CSID attaches those same affidavits in support of this response to Defendants' newest Motion, just as Defendants in their only Declaration proof in support of this latest venue-related motion, attached the precise Howitt Declaration previously submitted to the Court on November 22, 2018. Some of the persons who signed the affidavits may no longer be employed by CSID given the length of time this case has persisted.

[2] Exhibit 4, ¶ 6.

[3] Motion, Declaration of Andrew J. Howitt, ¶ 2; *see also* Exhibit 5, Exh. A, p. 2.

[4] https://nepservices.com/who-we-are/about-us.

[5] Exhibit 1, ¶¶ 8-10 & Exh. A; Exhibit 4, ¶ 8 & Exh. A.

[6] Exhibit 1, Exh. A; Exhibit 4, ¶ 11.

the Agreement, New Equity is required to pay (and, per the separate Consent to Assignment Agreement described below and which underlies claims against New Equity in this lawsuit, now contractually owes) CSID in excess of one million dollars.[7] Because the Agreement's term is five years, the Agreement is to conclude September 8, 2022.[8] The Agreement contains the Forum Selection Clause Defendants rely on in their Motion.[9] But as covered in-depth previously in filings and again below, the Forum Selection Clause is inapplicable to the claims here and has otherwise been waived by Defendants.

**B.      New Equity assigned the Agreement to Spider Cyber Security, which improperly terminated the Agreement.**

Defendant Howitt requested of CSID the right to assign the Agreement to another one of his companies, Spider Cyber Security, LLC ("Spider Cyber").[10] Initially, Howitt demanded to make this change unilaterally at his end; however, CSID required its consent to the assignment, including the assignment's terms and documentation.[11]

Effective November 16, 2017, CSID, New Equity, and Spider Cyber entered into a Consent to the Assignment Agreement ("Assignment/Guaranty Agreement") under which New Equity assigned to Spider Cyber the Agreement.[12] Defendant Howitt is the chief executive officer of New Equity ***and*** the manager-member of Spider Cyber Security.[13] Thus, Howitt signed the Assignment/Guaranty Agreement on behalf of both New Equity and Spider Cyber Security.[14] Notably, the Assignment/Guaranty Agreement contains a guaranty clause under which New

---

[7] Exhibit 1, Exh. A, ¶ 8 & Exh. B to the Agreement; Exhibit 4, ¶¶ 13-14.

[8] Exhibit 1, Exh. A, ¶ 10.1; Exhibit 4, ¶ 12.

[9] Exhibit 1, Exh. A, ¶ 16.9.

[10] Exhibit 3, ¶ 17.

[11] Exhibit 3, ¶ 17.

[12] Exhibit 3, ¶ 19 & Exh. A; Exhibit 4, ¶ 17 & Exh. B; Exhibit 5, ¶ 5 & Exh. A.

[13] Exhibit 3, Exh. A, p.2; Exhibit 4, Exh. B, p. 2; Exhibit 5, Exh. A, p. 2.

[14] Exhibit 5, Exh. A, p. 2.

Equity expressly agreed to guarantee to CSID "the full, prompt and punctual performance of the obligations, including, without limitation, any and all the payments due … in accordance with the Agreement."[15]

Approximately four months later, Spider Cyber informed CSID that Spider Cyber was insolvent and that it was terminating the Agreement.[16] Thereafter, CSID reiterated to New Equity that it was obligated to guaranty Spider Cyber's payments under the Agreement, but New Equity has refused to comply and made no payments.[17] Critically, the Assignment/Guaranty Agreement does not contain a Forum Selection Clause—and does not incorporate the Forum Selection Clause.

**C.      Defendants litigated—and lost—their challenge to this Court's venue.**

In September 2018, CSID filed suit against Defendants and Defendants and removed the case to this Court. Dkt. 1. In its First Amended Complaint, CSID alleges that (1) New Equity breached the Assignment/Guaranty Agreement; (2) Howitt breached fiduciary duties to CSID; and (3) Defendants committed fraud, engaged in civil conspiracy, and are alter egos. Dkt. 13. Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction in October 2018, which, on November 14, 2018, this Court dismissed as moot after CSID filed its First Amended Complaint. Defendants' initial motion did not challenge venue, or even mention the Forum Selection Clause. On November 23, 2018, Defendants filed a second Motion to Dismiss under Rule 12(b) challenging personal jurisdiction *and* this Court's venue to hear CSID's claims. Dkt. 15. In that motion (Dkt. 15), Defendants expressly argued the applicability of the Forum Selection Clause. *Id.*, pp. 9-12. This Court referred that motion to U.S. Magistrate Judge Austin.

---

[15] Exhibit 3, Exh. A, p. 1; Exhibit 4, Exh. B, p. 1; Exhibit 5, Exh. A, p. 1.
[16] Exhibit 3, ¶ 26.
[17] Exhibit 3, ¶ 27; Exhibit 4, ¶ 18.

Subsequently, in January 2019, Defendants' lead counsel, Tony Diab (admitted *pro hac vice*), and Defendants' local counsel, Melissa Richards Smith, filed respective motions to withdraw as counsel. Dkt. 21, 22. This Court entered an order granting the motions to withdraw, but noting that Defendants' sole remaining attorney, Clara Yeung, must file an application for admission to practice before the Western District of Texas or find co-counsel who is admitted to maintain her admission *pro hac vice* status.[18] Dkt. 24.

Under this backdrop and with the filings and record before him, Judge Austin, on May 29, 2019, entered an Order requiring the parties to brief the specific issues of the applicability of the Forum Selection Clause and whether a motion to transfer venue (as opposed to a motion to dismiss for improper venue) was the proper vehicle to challenge venue under a forum selection clause. Dkt. 26. Defendants, in derogation of Judge Austin's Order, chose not to submit a brief on these issues. CSID, however, did submit a brief as Judge Austin ordered. Dkt. 27. In August 2019, Judge Austin entered a thoughtfully analyzed Report and Recommendation which recommended denying Defendants' Motion to Dismiss and which expressly addressed the applicability of the Forum Selection Clause. Dkt. 28, pp. 8-9. Judge Austin concluded that "CSID's brief persuasively demonstrates that the forum selection clause argument lacks merit. Further, by failing to file additional briefing that was ordered, the Defendants have waived the forum selection clause argument." *Id.*, p. 9. On September 26, 2019, this Court entered an order adopting Judge Austin's Report and Recommendation. Dkt. 29.

---

[18] Ms. Yeung did submit an Application for Admission to practice before the Western District of Texas. It appears that the Application was approved; however, it further appears that the final administrative prerequisite of paying the requisite attorney admission fee did not occur. Nonetheless, Ms. Yeung, throughout her appearance as Defendants' counsel of record herein, continued to receive notices, service copies, etc. Further, Ms. Yeung, on November 18, 2019, filed an Answer on behalf of the Defendants. The Court ultimately granted Ms. Yeung's Motion to Withdraw in connection with Defendants' latest in a long train of counsel entering and then leaving the picture. Dkt. 30.

On February 27, 2020, this Court entered an Order allowing current counsel to substitute for Ms. Yeung as counsel for Defendants in this case. Dkt. 35. Through their new counsel, Defendants now seek yet another bite at the same apple by moving to transfer venue under the Forum Selection Clause. Nothing has changed since Judge Austin concluded that "CSID's brief persuasively demonstrates that the forum selection clause argument clause lacks merit." Nothing has changed since Defendants declined to abide by Judge Austin's Order to brief the venue/Forum Selection Clause issue. The Motion should be denied.

## ARGUMENT AND AUTHORITIES

### I.

**Defendants waived their right to enforce the forum selection clause under 28 U.S.C. § 1404(a).**

Defendants claim the issue of the Forum Selection Clause and a request to transfer venue were not previously before the Court. That is flatly false. As explained above, Judge Austin ordered briefing on this very issue. Defendants declined to submit a brief. Dkt. 28, p. 3. CSID did file a brief, which Judge Austin—as adopted by this Court—found "persuasively demonstrates that the forum selection clause argument lacks merit." Dkt. 28, p. 9. Nothing relevant to the venue analysis has changed since this lawsuit was filed. Plaintiff should not be required to battle the venue issue yet again. And this Court should not be required to devote its resources and attention yet again to the very issue previously before it and previously decided.

As this Court previously determined, Defendants have waived their Forum Selection Clause argument—even though now it is cast under section 1404(a). "A motion to transfer venue [under 28 U.S.C. § 1404(a)] is addressed to the discretion of the trial court…." *Dale v. Equine Sports Med. & Surgery Race Horse Serv., P.L.L.C.*, 750 Fed. Appx. 265, 268 (5th Cir. 2018) (quoting *Pateet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)). This Court concluded

that Defendants waived their right to enforce the Forum Selection Clause by failing to raise it under section 1404(a) when ordered to do so. Dkt. 28, 29. Indeed, Defendants directly violated the Court's order to brief the issue. Dkt. No. 26. "[F]ailure to brief an argument in the district court waives that argument in that court." *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp.2d 738, 748 & n.10 (S.D. Tex. 2003) (citing *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002)); *see also Orchestratehr, Inc. v. Trombetta*, No. 3:13-CV-2110-KS-BH, 2016 WL 5942223, at *5 (N.D. Tex. Oct. 13, 2016) ("These arguments are presented for the first time in Defendants' Response … to this motion when they should have properly been brought months ago in response to Plaintiffs' original Motion to Compel…. As such, these arguments have been waived and will not excuse Defendants' non-compliance with the Court's Order….").

Additionally, contract rights, including forum selection clauses, can be waived. *See SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 426 (5th Cir. 2016). Federal law governs the enforceability of a forum selection clause. *Id.* "[W]aiver of a forum selection clause requires: (1) an existing right, benefit, or advantage; (2) actual or constructive knowledge of its existence; and (3) actual intent to relinquish that right." *Id.* (internal quotation marks omitted). "Waiver can also occur if a party engages in 'conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished.'" *Id.* (quoting *N. Am. Specialty Ins. Co. v. Debis Fin. Servs., Inc.*, 513 F.3d 466, 470 (5th Cir. 2007)). A party must challenge venue under 28 U.S.C. § 1404(a) with "reasonable promptness." *Peteet.*, 868 F.2d at 1436.

And, even if the Forum Selection Clause applied to the parties' dispute (which, as explained below, it does not), Defendants have relinquished their right to enforce it in this lawsuit. This district is a proper venue for this matter. *See* 28 U.S.C. §§ 1391; 1441(a).

Defendants first sought to have this case dismissed based on the Forum Selection Clause by claiming venue is improper under Federal Rule of Civil Procedure 12(b)(3). Dkt. 15, 17. Because that rule is not the appropriate means to enforce a forum selection clause, Judge Austin gave Defendants a second chance and ordered them to address the clause under section 1404(a) by June 13, 2019. Dkt. 26. Defendants did not do so. Now, after this case has been pending for 20 months, Defendants opt to try Section 1404 as the basis to support their belated and misplaced effort. Defendants' Motion is untimely, and Defendants have waived their right to enforce the clause. *See Peteet*, 868 F.2d at 1436 (defendant waited 18 months to file a motion to transfer venue that "would have caused yet another delay in this protracted litigation" and was properly denied).

## II.

### The Forum Selection Clause Does Not Apply to CSID's claims.

Even if there were no waiver by Defendants, the Forum Selection Clause does not apply to CSID's claims. Defendants' newest Motion is brought under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court **may** transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." (Emphasis added.) As the movant, Defendants bear the burden to demonstrate that the case should be transferred. *Truelove v. Tex. Dep't of Criminal Justice*, No. 1:18-CV-392-RP, 2019 WL 2537660, at *1 (W.D. Tex. Feb. 28, 2019) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)). Defendants failed to meet their burden.

Normally, in evaluating a motion to transfer venue under § 1404(a), a court must evaluate both the convenience of the parties and various public-interest considerations. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). When a valid forum

selection clause applies to a plaintiff's claims, however, District Courts must adjust their usual § 1404(a) analysis in three ways. *Id.* at 63. First, a plaintiff's choice of forum merits no weight. *Id.* Second, a Court should not consider arguments about the parties' private interests. *Id.* at 64. And third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* at 64; *see also In re Rolls Royce Corp.*, 775 F.3d 671, 678 (5th Cir. 2014). Defendants' Motion is almost entirely premised on the Forum Selection Clause, which, as explained in CSID's previous filings, is inapplicable to CSID's claims. *See* Dkt. 16, 27.

**New Equity**:

New Equity assigned the Agreement to Spider Cyber, and CSID is suing New Equity under the ***Assignment/Guaranty Agreement***, not the Agreement. Dkt. 13, ¶ 16. The Assignment/Guaranty Agreement does not contain any forum selection clause.[19] CSID has filed three claims against New Equity—a breach of contract claim under the Assignment/Guaranty Agreement, a fraud claim related to New Equity's misrepresentations and nondisclosures surrounding the Assignment/Guaranty Agreement, and a civil conspiracy claim. The clause is limited to actions "arising out of the Agreement" or the "relationship of the parties contemplated" by the Agreement. None of CSID's claims arise out of the Agreement or CSID's relationship with New Equity under the Agreement.

Texas courts employ a "but-for test" in evaluating whether claims arise out of the Agreement—when "but for the Agreement, [the party] would have no basis to complain." *Pinto*

---

[19] Exhibit 4, Exh. B.

*Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 437-38 (Tex. 2017).[20] Additionally, in examining whether tort claims fall within a forum selection clause, the clause should be denied force "if the facts alleged in support of the claim stand alone, are completely independent of the contract, and the claim could be maintained without reference to the contract." *Id.* at 440.

Each of CSID's claims against New Equity stands entirely independent of the Agreement and can be maintained without reference to the Agreement. CSID's complaints concern the Assignment/Guaranty Agreement and the fraud New Equity engaged in to induce CSID to sign the Assignment/Guaranty Agreement. None of CSID's claims concerns the **<u>Agreement</u>** or New Equity's activities under the Agreement, nor requires any interpretation of the **<u>Agreement</u>**. *See Gullion v. JLG ServicePlus*, No. H-06-1015, 2007 WL 294174, at *5-7 (S.D. Tex. Jan. 29, 2007) (refusing to transfer venue because plaintiff's claims concerned breach of a partnership agreement and related torts, not a separate employment agreement that contained a forum selection clause); *Mai Larsen Designs v. Want2Scrap, LLC*, Nos. 5:17-CV-1084-OLG & 5:18-CV-321-OLG, 2018 WL 2251362, at *2 (W.D. Tex. Apr. 25, 2018) ("The parties' Copyright License Agreement does not contain a forum selection clause, but their separate Nondisclosure Agreement provides in pertinent part that the parties 'agree that the exclusive jurisdiction and venue for any action brought between the Parties under this agreement shall be the state and federal courts sitting in Indiana[.]' ... Because none of the claims asserted by the parties, in either this case or the Indiana case, arise[s] from the parties' Nondisclosure Agreement, this Court agrees with the Indiana court's finding that the Nondisclosure Agreement's forum selection clause does not apply in these cases."); *Sabal Limited LP v. Deutsche Bank AG*, 209 F. Supp. 3d

---

[20] Federal law governs the enforceability of forum-selection clauses in the Fifth Circuit, even in diversity cases; but state law applies to interpretations of the meaning and scope of the forum selection clause. *JPF Servs.*, 2018 WL 3326841, at *5. Because CSID's claims do not arise under the Agreement, it is CSID's position that Texas law applies to this case.

907, 924 (W.D. Tex. 2016) (party could conceivably avoid transfer under an agreement's forum selection clause if claims were brought solely under a separate agreement that did not contain such a clause).

**Howitt**:

Howitt is not a party to the Agreement (although he signed the Agreement solely on New Equity's behalf). Thus, the clause does not apply to (and the Agreement does not apply to) CSID's claims against Howitt, a nonsignatory. Generally, a nonsignatory cannot be bound to a contract, including a contract's forum selection clause. *See Hellenic Investment Fund, Inc. v. Det Norske Veritas*, 464 F.3d 514, 517 (5th Cir. 2006). Howitt is not a personal signatory to the Agreement—he only signed in his capacity as President of New Equity, on behalf of New Equity. Dkt. 16-1, Exhibit A. Thus, he has no right to benefit from the clause and the clause is inapplicable to him. *See D.B. Inc. v. Nat'l Admin. Solutions Corp.*, No. 3-03-CV-2189-R, 2004 WL 865842, at *2-3 (N.D. Tex. 2004); *Polyflow, LLC v. Specialty RTP, LLC*, No. 4:15-cv-02817, 2016 WL 6909383, at *8 (S.D. Tex. May 17, 2016). Further, CSID has solely brought against Howitt common law breach of fiduciary duties, fraud, and civil conspiracy claims, all of which concern Howitt's activities in procuring the Assignment/Guaranty Agreement—not the Agreement. Dkt. 13.

Thus, in sum, the Forum Selection Clause does not apply to any of CSID's claims against either New Equity or Howitt.

### III. The private-public interest factors do not favor transfer.

Defendants also argue that, even if the Forum Selection Clause is inapplicable, the private-public interest factors courts consider in evaluating a section 1404(a) motion to transfer

venue favor transfer here. Defendants again failed to meet their burden of demonstrating the case should be transferred.

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). Defendants put forth no convincing evidence or argument that these factors favor the case being heard in California. While New Equity and Howitt may be located in Orange County, California, CSID and its current and former employees—many of whom would serve as witnesses in this case—are primarily in Austin or the Austin area.[21] Additionally, as previously briefed in this case and supported by the attached affidavits, Defendants engaged in torts and breach of contract in Austin. *See generally* Dkt. 16; *see also* Exhibits 1-5. There is absolutely as much proof in Texas—if not certainly more—than there is in California. Finally, this case has been pending in the Western District of Texas for approximately 20 months. CSID's and Defendants' lawyers are all based in Austin. Having to essentially start over in California will hardly make trial of this case "easy, expeditious, and inexpensive." *Volkswagen*, 545 F.3d at 315. The private factors do not favor transfer.

The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* The congestion in the

---

[21] Exhibit 1, ¶¶ 2-3, 8-10; Exhibit 2, ¶¶ 3-5, 14; Exhibit 3, ¶ 2, 11; Exhibit 4, ¶¶ 3-4; Exhibit 5, ¶¶ 2, 6.

Western District of Texas and Central District of California appear to be roughly similar.[22] This factor, at most, neither favors nor disfavors transfer. Additionally, since Defendants committed torts against a Texas company and breached contracts that were entered into in Texas, there is an interest in having the case heard in Texas. *Watson v. Fieldwood Energy Offshore, LLC*, 181 F.Supp.3d 402, 412 (S.D. Tex. 2016) ("[t]he place of the alleged wrong is one of the most important factors in venue determinations); *see* Exhibits 1-6; *see generally* Dkt. 16. Finally, CSID disputes that the Forum Selection Clause applies, including its provision about California law, since CSID's claims do not implicate that clause—or even that Agreement. Thus, Texas law applies to CSID's claims, which this Court is best suited to apply.

In sum, Defendants have not met their burden of demonstrating the private-public interest factors favor transfer of this case to California.

## CONCLUSION

Plaintiff CSIdentity Corporation urges the Court to properly deny in its entirely Defendants' Section 1404 Motion to Transfer Venue. Plaintiff further requests of the Court such other relief to which it may be justly entitled.

---

[22] The Federal Court Management Statistics through December 31, 2019 indicate that the Western District of Texas has 8,322 cases pending while the Central District of California has 14,695 cases pending. (https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2019/12/31-1.)   The Western District of Texas, though, has fewer judges and a slightly longer median time for a case's filing through disposition. *Id.*   The undersigned is certainly mindful of and sensitive to the substantial docket of this Court and is also aware of this Court's history of actively bringing cases to disposition. There is every reason to believe and expect that if this case were to remain on this Court's docket, it will proceed to trial/final disposition more quickly than if it were transferred now to the Central District of California.

Respectfully submitted,

**ENOCH KEVER PLLC**

By: ____/s/ Gary Zausmer_____
    Gary E. Zausmer (SBN 22251350)
    gzausmer@enochkever.com
    Shelby O'Brien (SBN 24037203)
    sobrien@enochkever.com
    5918 W. Courtyard Drive, Suite 500
    Austin, Texas  78730
    512-615-1223 - Telephone
    512-615-1198 – Facsimile

**ATTORNEYS FOR PLAINTIFF
CSIDENTITY CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2020, a true and correct copy of the foregoing was served electronically via the TXW CM/ECF electronic filing system on:

Carlos Soltero
Matthew Murrell
**SOLTERO SAPIRE MURRELL PLLC**
7320 N. MoPac Expressway, Suite 309
Austin, Texas 78731

/s/ Gary E. Zausmer_____
Gary E. Zausmer